UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X Case No. 26-43344 -ess
In re

TOYVATION, LLC CHAPTER 11

Debtor

---------------------------------------------------------X

**OBJECTION TO THE MOTION BY ISRAEL SCHAYA FOR A 2004 EXAMINATION**

Solomon Rosengarten hereby declares as follows:

1. I am the attorney for the Debtor in the above matter and submit this declaration in opposition to the motion of Israel Schaya seeking an examination pursuant to Fed. R. Bankr. P. 2004 (“2004”).

2. Debtor submits, for the reasons set forth below, that the Court deny the motion, or, alternatively, limit its scope.

**THE MOTION MUST BE DENIED BECAUSE ISRAEL SCHAYA DOES NOT HAVE STANDING TO SEEK A 2004 EXAMINATION**

3. The motion for a 2004 examination is brought by Israel Schaya.

1. Fed. R. Bankr. P. 2004 expressly limits the right to such an examination to a “party in interest.”

2. The burden of establishing standing is on the party seeking such an examination. *Hirsch v. Arthur Andersen & Co*., 72 F..3d 1085, 1092 (2nd Cir. 1995).

3. In the instant case, Schaya’s attorney alleges that the movant is a creditor and shareholder of the Debtor.

*4.* This must be disregarded by the court because it is well settled that an attorney’s affidavit which is not based on personal knowledge cannot be considered. *United States v. Maldonado-Rivera*, 922 F.2d 934, 972 (2nd Cir. 1990); *Kamen v. American Telephone & Telegraph Co.,* 791 F.2d 1006, 1011 (2nd Cir. 1986).

*5.* In the instant case, counsel for Schaya has not even submitted an affidavit, but simply a “bald” statement.

6. Since Schaya has not established that he is a “party in interest” the motion must be denied

**IN ANY EVENT, SCHAYA HAS NOT SHOWN “GOOD CAUSE” FOR A 2004 EXAMINATION**

7. Although 2004 is a broad discovery device, a party seeking such an examination must show “good cause” for the examination. *In re Sunedison, Inc.*, 572 B.R. 482 (Bankr. S.D.N.Y. 2017).

8. In the instant case, counsel for the movant has set forth a generalized and conclusory "reason" to justify his motion for a 2004 examination.

9. He has stated that the reason he is entitled to such an examination is as follows:

> Based upon the information contained in the Debtor's Schedules of Assets and Liabilities and SOFA (ECF Dckt. Nos. 9 and 10), Poller's testimony at the 341 Meeting, information learned during the pendency of the Arbitration, and conversations with the Debtor's counsel, the Movants respectfully submit that the Witnesses have information relating to property of the Debtor's estate, the administration of the Debtor's estate, and the Debtor's ability to successfully reorganize and emerge from chapter 11[1].

10. This "boilerplate" statement does not demonstrate "good cause."

**THE 2004 EXAMINATION DOES NOT HAVE A LEGITIMATE BANKRUPTCY PURPOSE**

11. Furthermore, it is evident that the 2004 examination is not being sought for a legitimate bankruptcy purpose.

12. This is clear from some of the documents which Schaya wants produced by the Debtor.

13. Schays is seeking the production of "All documents and communications concerning or relating to any and all transfers made to or for the benefit of the Poller, his spouse, family members, relatives, related parties or any entities that he may own or have an interest in."

14. Poller is identified, in the filings with this Court and his testimony as a "341 Meeting" as a financial manager of the Debtor; he does not have an ownership interest in the Debtor.

15. Therefore, any transfers made to or for Poller's benefit cannot any bearing on financial condition of the debtor, the debtor's acts, conduct or property matters that may affect administration of the bankruptcy estate and matters to the formulation of a plan.

16. Rule 2004 provides in relevant part that the Court may authorize the examination of any entity relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate."

17. In chapter 11 cases, the examination may extend to matters relating "to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for

[1] Page 5 of Schaya's motion

purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case." *In re Sunedison, Inc.*, supra.

18. The above-referenced documents are clearly well beyond the scope of "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate" or "to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case."

19. Another set of documents sought by Schaya are "All documents and communications concerning or relating to ` transfers made to or for the benefit of Landau, his family members, relatives, related parties or any entities that he may own or have an interest in."

20. Although Landau is the Member of Toyvation LLC, any transfers made to or for his benefit cannot serve a bankruptcy purpose.

21. The aforesaid document demands demonstrate that the purpose for seeking a 2004 examination is not related to this bankruptcy proceedings.

22. Schaya is also seeking the production of "All documents and communications concerning or relating to any claim by Landau or the Debtor that any amount is owed to Landau or the Debtor by Schaya, including but not limited to any invoices, loan documents, agreements, or accounting records supporting such claim."

23. This is well beyond the scope of a 2004 examination because it seeks documents relating to debts owed to Landau by Schaya, which is unrelated to this bankruptcy proceeding.

24. The foregoing improper document demands are intended to aid Schaya in his ongoing arbitration with Landau.

25. As set forth in the motion papers Schaya and Landau have been involved in arbitration relating to their respective interests in the Debtor as well as other companies.

26. The purpose underlying the document demands can only be to help Schaya in the arbitration proceeding or in any proceeding to confirm the arbitration award.

**27.** Clearly the purpose of these demands is to obtain discovery in connection with the arbitration process and is clearly improper. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 516 (Bankr. E.D. N.Y.

1991).

**IF THE COURT APPROVES THE 2004 EXAMINATION, IT SHOULD NOT REQUIRE PRODUCTION OF THE AFORESAID DOCUMENTS**

28. Even if the court holds that Schaya is entitled to a 2004 examination the aforesaid document demands clearly do not have a legitimate bankruptcy purpose.

**THE COURT SHOULD DENY THE PRODUCTION OF DOCUMENTS WITH RESPECT TO OVERBROAD DEMANDS**

29. Schaya also seeks the production of other documents by categories which are clearly overbroad.

30. Schaya seeks the following in connection with the 2004 examination:

> All documents and communications concerning or relating to Debtor's ownership structure, income, assets, and liabilities including but not limited to tax returns, audited or unaudited financial statements, balance sheets, general ledgers, check registers, cash receipts journals, and bank statements.

31. The document demand is not limited in time; therefore it is overbroad.

32. The documents demanded which are not current cannot have any bearing on the issues in this bankruptcy proceedings and the Court should not require their production. *In re SunEdison*, supra, 562 B.R. at 249-252.

33. Moreover, requiring the production the burden of producing this broad array of documents over an indefinite period is disproportionate to the need.

34. 2004 discovery should not be allowed when the burden on the producing party outweighs the benefit to the requesting party. *In re SunEdison,* supra.

WHEREFORE, the undersigned respectfully submits that Schaya's motion be denied, or, in the alternative, that the Court deny the motion to the extent that it seeks documents which are not properly the subject of a 2004 examination.

Dated: September 11, 2026

/s/ Solomon Rosengarten

SOLOMON ROSENGARTEN

35. The document demand is not limited in time; therefo