EXHIBIT “A”

**AGREEMENT TO SUBMIT**
**TO ARBITRATION**

**AGREEMENT** made this 10th day of April, 2025 by and between Israel Schaya located at 1636 51st Street Brooklyn, NY 11204 and Aron landau residing at 5221 16th Ave Brooklyn, NY 11204.

1. **Issues and Disputes/Submission:** All outstanding business issues between Israel Schaya & Aron Landau and their companies.

2. **Date/Place/Time:** The Arbitrator, shall have the power and authority, in his sole and absolute discretion, to (i) set the date, place and time for hearing(s) and shall advise the parties of same in writing; and (ii) close any hearing or adjourn or postpone any hearing from time to time, and to proceed ex-parte and take testimony and evidence if either party shall fail to attend a scheduled hearing. Hearings may be held on Sundays or legal holidays.

3. **Representation:** Any party may be represented by an attorney at anytime or any portion of the proceedings. A party intending to be represented by an attorney shall notify the other party and the Arbitrator, in writing, at least three (3) days prior to a scheduled hearing.

4. **Stenographic Record:** There shall be no stenographic record of the hearing(s). Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements in advance of the hearing. The requesting party shall pay the cost of the record. If the transcript is agreed by the parties to be, or determined by the Arbitrator to be, the official record of the proceeding, it must be made available to the arbitrator and to the other parties for inspection, at a date, time, and place determined by the Arbitrator.

5. **Employment of Professionals:** The Arbitrator shall have the power and authority to employ legal counsel, an accountant (or in the event Arbitrator is an accountant, another accountant, whether employed by the Arbitrator or otherwise), and/or other professionals which he, in his sole and absolute discretion, may deem necessary to assist him in understanding and deciding any of the issues and to apportion the costs for said person(s) as he deems just and proper.

6. **Legal Principles:** In rendering his determinations, the Arbitrator may apply, among other laws and/or principles, Talmudic law, halachah, common law, statutory law, or other principles or standards, which, in his sole and absolute discretion, he deems appropriate or applicable to the facts and circumstances.

7. **Evidence:** The Arbitrator is not bound by rules concerning the admissibility, competency, relevancy, materiality, weight and/or sufficiency of evidence and may in his sole

and absolute discretion take as evidence any testimony whether presented orally in person and/or by telephone, by affidavit, by letter, by electronic mail or any other manner the Arbitrator may deem appropriate. The Arbitrator may, in his sole and absolute discretion reject any submission or proffer of testimony or evidence.

8. **Discovery**: The Arbitrator shall have the power and authority to direct the production of any books or records in the possession, custody or control of any party and to order that any party provide the other party with access to and be permitted to inspect and photocopy any books and records.

9. **Interim Measures**: The Arbitrator shall have the power and authority to order and direct any interim remedy or relief relating to the matter in dispute, including measures for the conservation of any property.

10. **Determinations**: The Arbitrator's determinations shall be in writing and served on all parties and counsel, if any. The determinations shall be signed by the Arbitrator but need not be notarized or acknowledged. The determinations shall be final and binding on all parties and all parties shall faithfully abide by and perform in accordance with the determinations. Judgment upon the determinations may be entered in a court of competent jurisdiction. The determinations may grant any relief and remedy, including equitable relief, that the Arbitrator deems just and proper. The Arbitrator may, within ten (10) days after service of determinations upon the parties, make any corrections in the determinations such as errors in computation, clerical or typographical errors and the like or correct any omission in the Award.

11. **Costs**: All expenses of the arbitration proceedings, including the Arbitrator's fees which shall be at the rate of $650.00 per hour, shall be borne equally between the parties, unless the Arbitrator assesses such expenses or any part thereof against any specified party. The Arbitrator may require the parties to deposit in advance of any hearing such sums of money as he deems necessary to cover the expense of the arbitration, including the Arbitrator's fee, if any, and shall render an
accounting to the parties and return any unexpended balance at the conclusion of the proceedings.

12. **Notices**: Any notice, request, demand, or other communication (collectively "Notice") given, or required to be given, in connection with, resulting from and/or arising under this Agreement and/or the arbitration proceedings including, but not limited to, the Arbitrator's determinations, shall be in writing and shall be sent by overnight delivery via a commercial courier providing overnight delivery service (FedEx, UPS, and the like) to the party to receive said Notice at the address set forth above and shall be deemed to have been given within one (1) Business Day after it is dispatched to such delivery service. Any party may, by giving Notice to the other and the

Arbitrator, in the manner set forth above, change the address to which a Notice shall be sent to it, provided that any such change of address shall be effective three (3) Business Days after it is deemed given, as set forth above.

13. **Arbitrator's Liability:** The Arbitrator shall not be liable to any of the parties for acts and conduct of the Arbitrator in any way connected with the arbitration proceedings. Each party hereby, jointly and severally, shall indemnify, save and hold harmless the Arbitrator, from and against any and all costs, losses, liabilities, damages, lawsuits, din torah, deficiencies, claims and expenses, including, without limitation, interest, penalties, additions, travel expenses, wages/fees allocable to loss of employment time, at the Arbitrator's standard hourly fee for time spent in connection with the above, attorneys' fees and/or fees for any "Toen", all amounts paid in investigation, defense or settlement of any of the foregoing, whether or not arising out of third-party claims, including but not limited to, by any party to this Agreement, incurred by and/or issued against the Arbitrator, in connection with or arising out of or resulting from his acting as the arbitrator in the aforesaid arbitration proceedings.

14. **Agreement Validation:** אני מודה בהודאת בעל דין שהוא כמאה עדים, שכל תנאי הוא במעכשיו וקנינן מיני' כחומר כל תנאים וקנינים העשויים כתיקון חכמים וכמשפטי התנאים דבני גד ובני ראובן, וכן כל דבר שקיבלתי עלי הוא בהתחייבות גמור או במחילה גמורה, ואפילו נמצא בשטר לשון שמשמעותה הפשוטה אינה לשון של התחייבות או מחילה, הכונה והפירוש שכיונתי בלשון זה הוא להתחייבות או מחילה גמורה, וכן כל התחייבות או מחילה שנעשה הי' בקנין גמור אגב סודר או בכל קנין המועיל בבית דין חשוב ומעכשיו ובאופן המועיל שאין בו משום אסמכתא, וכן כל התחייבות או מחילה שעשיתי הי' ברצון גמור בלי שום אונס ובלי תנאי חוץ מן התנאים המפורשים בשטר, ואני מבטל כל מודעא וכל מודעא למודעא עד עולם, והאמנתיו בכל טענה ומענה בנוגע למה שכתב בשטר.

- This Arbitration Agreement will expire 3 weeks after Passover at the end of the day May 12, 2025.

**IN WITNESS WHEREOF,** the parties have duly executed this Agreement as of the day, date and year first above written.

Israel Schaya

Aron Landau

Abraham Roth, Arbitrador