**EXHIBIT "C"**

# EXHIBIT

## 2 VACATED AWARDS

Arbitration Award dated August 11, 2025 (4 pages)

Supplemental Final Arbitration Award dated September 12, 2025 (2 pages)

# Exhibit A

## ARBITRATION AWARD

**Arbitrator:** Abraham Roth
**Date of Award:** August 11, 2025
**Parties:**

- Aron Landau residing at 5221 16th Ave Brooklyn, NY 11204 (Landau)
- Israel Schaya residing at 1636 51st Street Brooklyn, NY 11204 (Schaya)
- All their jointly owned companies including but not limited to (i) Toyvation LLC, (ii) BB Supplier Inc, (iii) MHB Ventures LLC, (iv) 54 Palisade LLC, and (v) 1925 N Brunswick LLC.

## 1. Background

This arbitration was conducted privately and voluntarily by agreement of both parties. The arbitrator was jointly selected by the parties and accepted the appointment on April 10, 2025, which arbitration agreement was extended/amended by agreements dated May 8, 2025, May 26, 2025, June 20, 2025, June 25, 2025, July 1, 2025, July 9, 2025, July 16, 2025, July 23, 2025 and August 4, 2025.

The arbitration took place on various dates, and both parties had the full opportunity to present their positions.

## 2. Findings and Decisions

1. Landau owes Schaya the total sum of One Million Six Hundred Twenty-Eight Thousand and Five Hundred Seventy-Two Dollars ($1,628,572.60) (the "Money Owed"). (The Money Owed consists of $1,561,500.00 in principal and $67,072.60 in accrued "interest" according to the *heter iska* provision in the real estate agreement dated June 17, 2024).

2. This award is final on all issues set forth herein. There is one additional dispute in the amount of approximately $450,000 related to an *iska* arrangement. This dispute is not related to the matters addressed here or the Money Owed but is being addressed in accordance to the arbitration agreement dated April 10, 2025 and has not yet been decided. Mr. Landau requested that a meeting be scheduled for August 18, 2025 to discuss this dispute. Accordingly, I hereby set that date to discuss this matter, and the matter will be decided separately.

3. The loan from TD Bank in the principal amount of $96,642.32, identified as Loan No. 004-00001-4925616-9001, shall be the joint obligation of both parties and shall be repaid by Landau and Schaya in equal shares.

4. The loan from Citizens Bank in the principal amount of $70,701.00 shall be the sole responsibility of Schaya, who shall remain exclusively liable for its repayment. $11,889.00 shall be set off from the Money Owed set forth above.

5. The Money Owed shall be paid in sixty (60) equal monthly installments with each installment payment due on the first calendar day of each successive month commencing from the date of this award.

6. If Landau fails to timely pay any two monthly payments set forth above, the entire remaining balance of the Money Owed shall become immediately due and payable.

7. The real estate agreement dated June 17, 2024, between Schaya and Landau, relating to real estate ventures, shall remain in full force and effect, except as expressly modified below: (i) in paragraph 2, the phrase "decided amount" shall be replaced with "market value as determined by an MAI-certified appraiser", (ii) the provision stating: "Cash payment 15% APR for the year 2024, 20%-year 2025, 25% from year 2026 and on" shall be deleted in its entirety and replaced with the following: "Cash payment shall accrue interest at a fixed rate of 15% per annum (APR), regardless of year, which was structured with a valid *heter iska* under Jewish law." Further, the principal balance due on the loan set forth in that real estate agreement is $370,000, which amount is included in the Money Owed.

8. Real properties located at (i) 54 Palisade Road, Linden, New Jersey 07036 and (ii) 418 Elmwood Terrace, Linden, New Jersey 07036 (collectively the "Linden Properties"), in which title to the properties are presently in the name Landau, title was only held by Landau in trust on behalf of Schaya and Schaya is owner of the Linden Properties in all respects. Landau should promptly transfer title in the Linden Properties to Schaya or to entity as he directs. Further, all membership and/or ownership interests in 54 Palisade LLC and MHB Ventures LLC, companies that manage the Linden Properties are the exclusive property of Schaya. Landau shall have no ownership interest, legal or equitable, in either of those companies or in the membership interests thereof. Notwithstanding the above, Schaya shall be solely responsible for paying the monthly mortgage payments on the Linden Properties referenced above. Each monthly mortgage payment shall be made on or before the fifteenth (15th) calendar day of each month. If Schaya fails to timely pay any two monthly mortgage payments set forth above before title was transferred, then Landau can demand full payment for the entire remaining balance of the mortgage immediately.

9. In accordance with the real estate agreement dated June 17, 2024, the parties are members of an entity known as 1925 N Brunswick LLC, which owns the real property located at 1925 4th Street, North Brunswick, New Jersey, of which Schaya owns a seventy-five percent membership interest (50% as the Money Partner plus 25% as the sweat equity partner totaling 75%) and Landau owns a twenty-five percent membership interest (25% as the sweat equity partner), subject to that percentage changing in accordance with the terms of the agreement. Landau's membership interest in 1925 N Brunswick LLC is hereby pledged and collateralized in favor of Schaya as security for the full and timely payment of the Money Owed as set forth above. This collateral interest shall remain in effect until such time as Landau has paid the full amount owed to Schaya as set forth above. If Landau fails to timely pay any portion of the Money Owed, then based upon a present market value of Landau's interest, as determined by an MAI-certified appraiser, Landau's membership interest in 1925 N Brunswick LLC shall be reduced and turned-over to Schaya in payment of that amount of Money Owed. In addition, any other interest owned by Landau in real property, whether

directly or through a company, shall serve as additional collateral for the full and timely payment of the Money Owed as set forth above.

10. All assets held by either party, or by third parties and designated or labeled for purposes of recognition as "TechWave" are and shall be the exclusive property of Schaya. Landau shall have no ownership interest, claim, or entitlement in or to any such TechWave related assets.

11. Since Landau did not take salary in 2024, $75,000 is considered to be payable from BB Supplier Inc. and/or Toyvation LLC to Landau. However, this payable cannot be used to offset any loans and can only be a claim against BB Supplier Inc. and/or Toyvation LLC assets.

12. All assets of BB Supplier Inc. and/or Toyvation LLC belong to Schaya and all liabilities prior to the date of this award that were disclosed during the arbitration (which are as follows: (i) miscellaneous vendors are owed $81,956.50 and Signal Logistics is owed $89,515), shall be Schaya's responsibility except for the TD Bank and Citizens loan set forth above as well as the salary set forth in paragraph 11 above. The assets of BB Supplier Inc. and/or Toyvation LLC shall be used to pay the assumed liabilities set forth in this paragraph.

13. All ownership interest in BB Supplier Inc., and all membership interest in Toyvation LLC, are and shall be the exclusive property of Schaya. Landau shall have no ownership interest, claim, or entitlement in or to either company.

14. Landau shall be obligated to complete the following transition and transfer obligations in favor of a new entity to be formed by Schaya (the "New Entity"):

A. Transfer all vendor contacts and business introductions,
B. Transfer full ownership and administrative access to the following Amazon accounts: Toyvation, Mountain Toys, and the Trump account.
C. Provide and transfer all login credentials and administrative access, including but not limited to full access to the Google Admin Panel governing all past Gmail domain accounts associated with the business operations.
D. Transfer all intellectual property, addressed during the arbitration, including but not limited to trademarks, patents, copyrights, trade secrets, and any proprietary materials, to the New Entity.

Landau shall complete the above transition obligations within sixty (60) calendar days of the issuance of this Award. Failure to timely comply with any portion of this paragraph shall result in damages of Ten Thousand Dollars ($10,000.00) payable by Landau to Schaya.

15. All tax liabilities and losses relating to BB Supplier Inc for the tax years 2021, 2022, 2023, 2024, 2025 and on, and Toyvation LLC from inception, shall be the sole responsibility of Schaya.

16. For a period of sixty (60) calendar days following the issuance of this Award, Landau shall have the option to force, at Schaya's sole option, either (i) Landau's purchase Schaya's

membership interest in 1925 N Brunswick LLC or (ii) Schaya's purchase of Landaus membership interest in 1925 N. Brunswick LLC The purchase price for said membership interest shall be determined by calculating the average of two (2) independent valuations performed by MAI-certified appraisers, with one appraiser selected by each party. The cost of both appraisals shall be shared equally by the parties. As a condition precedent to exercising this option, Landau must pay in full the Money Owed as set forth above. If Landau does not timely exercise the option within the sixty-day period or fails to pay the Money Owed in full within the sixty-day period, the option shall expire automatically and be of no further force or effect.

17. The non-compete provision contained in the Agreement dated July 4, 2019 between the parties shall remain in full force and effect, and the parties shall continue to be bound by its terms.

---

### 3. Release of Claims

Both parties agree that, once the above terms are completed, no further claims will be pursued in relation to this dispute.

---

### 4. Award

This Award is final and binding and may be entered as a court judgement for enforcement.

Signed,

**Abraham Roth,**
Arbitrator
Date: August 11, 2025

Served on Parties by email and FedEx

# Exhibit B

## SUPPLEMENTAL FINAL ARBITRATION AWARD

**Arbitrator**: Abraham Roth

**Date of Award:** September 12, 2025

**Parties:** Aron Landau residing at 5221 16th Ave Brooklyn, NY 11204 (Landau)

Israel Schaya residing at 1636 51st Street Brooklyn, NY 11204 (Schaya)

All their jointly owned companies including but not limited to (i) Toyvation LLC, (ii) BB Supplier Inc, (iii) MHB Ventures LLC, (iv) 54 Palisade LLC, and (v) 1925 N Brunswick LLC.

### 1. Background

This arbitration was conducted privately and voluntarily by agreement of both parties. The arbitrator was jointly selected by the parties and accepted the appointment on April 10, 2025, which arbitration agreement was extended/amended by agreements dated May 8, 2025, May 26, 2025, June 20, 2025, June 25, 2025, July 1, 2025, July 9, 2025, July 16, 2025, July 23, 2025, August 4, 2025 and September 3, 2025.

The arbitration took place on various dates, and both parties had the full opportunity to present their positions.

### 2. Findings and Decisions

As noted in paragraph 2 of my Award dated August 11, 2025, one claim remained open for further determination concerning a dispute related to an *iska* arrangement. I received additional testimony and submissions from the parties. In the course of these proceedings, Israel Schaya agreed to waive some of his claims, and I have now fully considered the matter. I hereby determine that Aron Landau owes Israel Schaya the additional sum of $89,738.49. This Award resolves the only claim expressly left open in my August 11, 2025 Award.

After accounting for the Award dated August 11 in the amount of $1,628,572.60, together with the Award issued today in the amount of $89,738.49, the combined amount is $1,718,311.09. Accordingly, Mr. Landau owes Mr. Schaya the aggregate sum of $1,718,311.09, reflecting both final awards.

Subsequent to issuing my August 11, 2025 Award, Aron Landau moved to reargue that determination, alleging various errors, including accounting and mathematical inaccuracies. After careful review and consideration, I find that my August 11, 2025 Award is correct and final in all respects as to the matters determined therein. That Award remains fully binding and is not changed or reopened.

Accordingly, the August 11, 2025 Award stands as the final determination of all claims and counterclaims addressed therein, and today's Award is the final determination of the sole outstanding claim. Together, they constitute the full and final resolution of all claims and counter claims raises in this arbitration. No claims remain open, and this matter is now concluded in its entirety.

**3. Award**

This Award is final and binding and may be entered as a court judgement for enforcement.

Signed,

**Abraham Roth,**

Arbitrator

Date: September 12, 2025

Served on Parties by email and FedEx