FORCHELLI DEEGAN TERRANA LLP
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel. No. (516) 248-1700
Fax No. (516) 750-6462
Gerard R. Luckman, Esq.
Michael S. Amato, Esq.
Gabriella E. Botticelli, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

TOYVATION LLC

Debtor.
-----------------------------------------------------------X

Chapter 11
Case No. 26-43344-ess

**REPLY IN FURTHER SUPPORT OF ISRAEL SCHAYA'S MOTION OF FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATIONS AND DIRECTING PRODUCTION OF DOCUMENTS**

TO: THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

Israel Schaya ("Schaya" or "Movant") by his counsel Forchelli Deegan Terrana LLP, as and for his reply ("Reply")[1] in further support of his motion (the "Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of the order (the "Proposed Order") annexed to the Motion as Exhibit A, directing the attendance for examination and production of documents and information by Solomon Poller ("Poller") and Aron Landau ("Landau", together with Poller, collectively the "Witnesses").

**ARGUMENT**

**Schaya has Standing to Seek a Rule 2004 Order**

1. Debtor's argument that Schaya lacks standing to seek a Rule 2004 examination is without merit and should be rejected by the Court.

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. As set forth in the Motion, Schaya was the sole financial investor in joint business ventures with Landau. Movant invested approximately $4,000,000.00 dollars in various investments with Landau. In addition, Movant personally lent Landau $300,000.00 to be used to acquire a personal residence, $420,000.00 to acquire a second home, and $375,000 for his personal living expenses in 2024.

3. Pursuant to the Arbitration Award, the Arbitrator determined *inter alia*, that Landau owes Movant $1,628,572.60, and awarded Movant ownership of substantially all of the operating companies, all secured by Landau's interests in the real estate entities, including 100% ownership of the Debtor. Prior to the Arbitration Award, Movant held not less than a 50% membership interest. A true and correct copy of the Arbitration Award is attached to the Motion as Exhibit "C".

4. Clearly as a shareholder, and likely the 100% member of the Debtor, Schaya has standing to see a Rule 2004 Order.

**Schaya has Established Cause for a Rule 2004 Order**

5. Schaya has established cause for this Court to enter the Proposed Order and direct Landau and Poller to produce documents and provide testimony.

6. A party seeking to conduct a Rule 2004 examination typically shows good cause by establishing that the proposed examination " 'is necessary to establish the claim of the party seeking the examination, or ... denial of such request would cause the examiner undue hardship or injustice.' " *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y.2004) (quoting *In re Dinubilo*, 177 B.R. 932, 943 (E.D.Cal.1993)); *accord In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). In evaluating a request to conduct a Rule 2004 examination, the Court must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination. That documents meet the requirement of relevance does

not alone demonstrate that there is good cause for requiring their production." *Drexel Burnham*, 123 B.R. at 712.

7. Rather than allow the arbitration process to continue, Landau orchestrated this *pro se* bankruptcy filing. Landau is identified on the list of Equity Holders as the sole equity member of the Debtor (ECF Doc. No. 12), notwithstanding Schaya's interest in the Debtor. The Motion outlines the ongoing legal dispute between Schaya and Landau, as well as Landau's efforts to obstruct the Arbitration and liquidate assets. Landau presently is exercising control over the assets and operations of the Debtor.

8. Poller signed the Petition, Schedules and Statement of Financial Affairs. However, it is noteworthy that as of the date of this Reply, the Debtor has failed to file a Resolution Authorizing the bankruptcy filing in violation of the Bankruptcy Code, FRCP, and EDNY LBR 1074-1(a).

9. Further Poller failed to properly identify himself as a witness authorized to testify on behalf of the Debtor by refusing to provide photo identification and/or his address at the Rule 341 meeting of Creditors. Prior to the Petition Date, Schaya had neither heard of nor met Poller. The docket is devoid of any documentary proof that he is an authorized representative of the Debtor, or that he possessed the requisite authority to file the Petition.

10. As set forth in the motion, Schaya has a direct stake in the Debtor, its operations, assets and liabilities. Information relating to its assets, liabilities, corporate structure, and transfers is essential, and Landau and Poller have identified themselves as people with knowledge and information related thereto.

**The Documents Sought are Reasonable and Within the Scope of Rule 2004**

11. The documents set forth is Schedule A to the Proposed Order are reasonable in scope and appropriate under Rule 2004.

12. The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) (citing *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)). Accordingly, such examination must "relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

13. Information relating to the assets and liabilities of the Debtor, including payments made to its alleged manager and majority equity holder, and claims that may be asserted against Schaya are proper inquiries for a Rule 2004 Examination. Similarly, information regarding the ownership and corporate structure of the Debtor, as well as authority to operate the Debtor, and authorize a bankruptcy filing directly affect the administration of the estate.

14. Debtor's arguments that the demand is overbroad and not limited in time is without merit. The demand seeks information and documents going back six (6) years from the Petition Date. Schedule A seeks documents and information relating to:

a. transfers of any money or property with a value in excess of $600.00 made within the six (6) years prior to the Petition Date.

b. transfers made to or for the benefit of the Poller, his spouse, family members, relatives, related parties or any entities that he may own or have an interest in.

c. transfers made to or for the benefit of Landau, his family members, relatives, related parties or any entities that he may own or have an interest in.

d. assets or property owned or held by the Debtor.

e. corporate documents, articles of organization, operating agreement, minutes, resolutions or designations.

f. the designation or appointment of Poller as Managing Member of the Debtor, including, but not limited to corporate documents, articles of organization, operating agreement, minutes, resolutions or designations.

g. the determination for the Debtor to file for bankruptcy, including, but not limited to corporate documents, operating agreement, minutes, resolutions or designations.

h. documents or communications by and between Poller and Landau concerning or relating to the determination for the Debtor to file for bankruptcy.

i. Debtor's ownership structure, income, assets, and liabilities including but not limited to tax returns, audited or unaudited financial statements, balance sheets, general ledgers, check registers, cash receipts journals, and bank statements.

j. the "finished goods" identified in Paragraph 21 of the Schedules.

k. the cause(s) of action identified in Paragraph 75 of the Schedules.

l. any payments made to or received by Poller in connection with the filing of the Petition and the bankruptcy case, including but not limited to the source of those funds.

m. documents and communications by and between Landau and Solomon Rosengarten, Esq. concerning or relating to the retention of Rosengarten as counsel in this bankruptcy case, including but not limited to any retainer agreement, engagement letter, or fee arrangement.

n. between Landau and Blank Rome LLP concerning or relating to the filing of this bankruptcy case.

o. any claim by Landau or the Debtor that any amount is owed to Landau or the Debtor by Schaya, including but not limited to any invoices, loan documents, agreements, or accounting records supporting such claim.

15. The documents sought include information relating to the assets and liabilities of the debtor, corporate structure, operations and directly affect the administration of the Bankruptcy Estate. Based upon the forgoing, the documents set forth as Schedule A to the Proposed Order are reasonable in scope and appropriate under Rule 2004.

**CONCLUSION**

16. Based upon the foregoing, and for the reasons set forth in the Motion and above, Movant respectfully requests that the Court enter the Proposed Order and require both the Witnesses to produce the documents set forth on Exhibit 1 to the Proposed Order annexed hereto and appear for an examination.

**WHEREFORE**, the Movant respectfully requests that the Court enter the Proposed Order directing: (a) the attendance for examination of each of the Witnesses; (b) the documents set forth on Exhibit 1 to the Proposed Order be delivered to Movants' counsel; and (c) such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
September 16, 2026

**FORCHELLI DEEGAN TERRANA LLP**
*Attorneys for Israel Schaya*

By: */s/ Michael S. Amato*
Gerard R. Luckman
Michael S. Amato
Gabriella E. Botticelli
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
Tel. (516) 248-1700
Fax (516) 248-1729