UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

Case No. 26-43344-ess

TOYVATION, LLC

CHAPTER 11

Debtor.
-----------------------------------------------------------X

TOYVATION, LLC

Plaintiff

**COMPLAINT**

-against-

ABRAHAM ROTH, ROTH & COMPANY LLP, d/b/a ROTH & CO., SHULEM ROSENBAUM a/k/a SHULIM ROSENBAUM, DOVY GARTENHAUS and LEAH LIEBER,

Defendants
-----------------------------------------------------------X

Plaintiff Toyvation, LLC, by its attorney, for its Complaint against Defendants Abraham Roth, Roth & Company LLP d/b/a Roth & Co., Shulem Rosenbaum and Dovy Gartenhaus and Leah Lieber, allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (K) and (0).

3. Venue isMmm proper in this core proceeding pursuant to 28 U.S.C. § 1409.

4. This matter is brought pursuant to the 11 U.S.C. §§ 506, 542, 544, 550 and

Bankruptcy Rule 7001, *et seq.*

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS ROTH & COMPANY LLP, ROSENBAUM and GARTENHAUS**

5. **P**laintiff is a New York limited liability company.

6. Defendant Abraham Roth is a certified public accountant and a partner of Roth & Company LLP ("Roth & Co.").

7. Defendant Roth & Co., doing business as Roth & Co., is a limited liability partnership engaged in the practice of public accounting.

8. Defendant Shulem Rosenbaum, a/k/a Shulim Rosenbaum, is a certified public accountant employed by Roth & Company LLP, specializing in forensic accounting.

9. Defendant Dovy Gartenhaus is an accountant employed by or associated with Roth & Co.

10. Plaintiff Aron Landau and Israel Schaya were involved in joint ventures involving fourteen companies, including the Debtor.

11. Landau and Schaya agreed to dissolve their business relationship.

12. Landau and Schaya disagreed as to the distribution of funds from the various companies, including the Debtor, as well as what interest each of them owned in the companies.

13. Landau and Schaya also disagreed as to how the creditors, vendors and assets of each of the companies were to be dealt with, including those of Toyvation LLC, now the Debtor and its estate.

14. Landau and Schaya agreed to submit their respective claims to defendant Abraham Roth for arbitration.

15. The agreement between Landau and Schaya required an accounting of receipts, expenses, profits, losses, allocations, contributions, distributions, assets, liabilities, and each partner's capital account before either partner's position could be fixed.

16. The fourteen companies were not interchangeable. Each had its own legal identity, ownership, management, books, bank accounts, assets, liabilities, tax filings, vendors, and financing.

17. In order to properly distribute funds from the aforesaid companies, including the Debtor, and determine what interest Landau and Schaya had in each of the companies and how much money was due to either of the parties, it was necessary to do an accounting.

18. Toyvation hired defendant Roth & Co. to do an accounting.

19. The accounting Roth & Co. was engaged to perform required it to establish, for each of the Companies including the Debtor, at the company level: the company's assets; its liabilities; its obligations to third-party creditors, vendors and taxing authorities; its inventory; its equity and each member's capital account; and its receivables from and payables to Landau, Schaya and the other Companies.

20. Roth & Co. did not establish the assets, liabilities or creditor obligations of the Debtor or of any other Company at the company level. Instead, as set forth below, it consolidated all of the Companies into a single reckoning between Landau and Schaya personally and disregarded the separate existence, assets and creditors of each company, including the Debtor.

21. The Debtor's books and records, including its QuickBooks company file, are property of the Debtor's estate under 11 U.S.C. § 541(a)(1). Roth & Co., as the Debtor's accountant,

holds those records and the work product the Debtor paid for, and is required to turn them over under 11 U.S.C. § 542(e).

22. Roth & Co. alleged that it had done the accounting requested by Debtor.

23. Debtor requested that Roth & Co. provide documents to it showing the accounting that it had performed in connection with the arbitration proceeding before defendant Abraham Roth.

24. Specifically, Toyvation requested complete copies of all books, records, workpapers, and electronically stored information in Roth & Company LLP's possession, custody, or control that were created, prepared, received, maintained, reviewed, relied upon, or used in connection with any accounting, bookkeeping, forensic review, reconciliation, analysis, calculation, report, or proposed determination concerning Israel Schaya, Aron Landau, their partnerships, their jointly owned companies, or any related entity or transaction.

25. Although requested by Toyvation, defendant Roth & Company LLC has refused to provide Debtor with the foregoing.

26. The request was made in writing by letter of the Debtor's counsel dated August 28, 2026, transmitted by email on August 30, 2026 to Roth & Co.'s managing partner and to defendants Rosenbaum and Gartenhaus, requesting production, or a written category-by-category response, by September 4, 2026. No production was made and no response was received.

27. The accounting performed by defendant Roth & Co. is necessary so as to enable the Debtor to prepare a Plan and Disclosure Statement in the bankruptcy proceeding.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

28. Plaintiff repeats the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. On April 25, 2025, Landau and Schaya signed an agreement to have defendant Abraham Roth conduct arbitration proceedings to resolve "all outstanding business issues between Israel Schaya & Aron Landau and their companies."

30. Defendant Abraham Roth conducted arbitration hearings and rendered a decision and award, which was subsequently vacated by the New York Supreme Court, Kings County and remanded to him.

31. On September 7, 2026, defendant Roth rendered an arbitration award which would have a direct effect on the assets and liabilities of the Debtor.

32. Both Awards rendered were purportedly based upon an accounting done by defendant Roth & Co..

Defendant Rosenbaum performed and supervised the work and prepared the calculations which were to be used to determine the award made by the arbitrator and billed time for work on the Award itself.

33. Defendant Gartenhaus entered and modified the companies' QuickBooks records, circulated the figures and transmitted the files.

34. On May 8, 2025 Landau sent the full books and records of the Companies, including the Debtor, to Rosenbaum and Gartenhaus.

35. The accounting which defendant Abraham Roth used to render his decision/award was false and was based on falsified and "doctored" records.

36. Although the accounting was purportedly made, at least partially, on records provided by Landau, the records provided by defendant Roth & Company LLP to defendant Abraham Roth altered the records provided by Landau.

37. The audit trail itself documents over 400 changes to the Companies' records, including that of Toyvation LLC, during this period.

38. It includes a series of sweeping reclassifications that rewrote the Companies' books to move value and assets away from Toyvation LLC to Schaya.

39. The final calculations report of June 19, 2025 together with the figures carried into the final awards dated June 19 and August 11, 2025 follow the same pattern throughout.

40. The Debtor's inventory adjustments totaling $147,393.80 were deleted from its books in May 2025.

41. Deleting an adjustment, rather than correcting it with an offsetting entry, makes it impossible to reconstruct Toyvation's actual inventory position at that time.

42. The reclassifications do not follow any accounting method, standard, or convention.

43. The falsification of the records was done knowingly and deliberately with the intent to defraud plaintiff.

44. Defendant Abraham Roth knew that the records were falsified.

45. Nevertheless, he used those falsified records as the basis for his decision/award.

46. The records provided by Roth & Company to Abraham Roth, which the latter knew was false, included recording that that money owed to a company by Schaya became money the company owed him; distributions he had already taken became capital he had invested; inventory adjustments were deleted rather than corrected.

47. On August 24, 2025, at a recorded meeting, defendant Rosenbaum admitted that Roth & Co had converted everything belonging to the companies into a single personal reckoning between Landau and Schaya, although the records provided to the firm did not show this.

48. Specifically, on August 24, 2025 Rosenbaum, the lead accountant at Roth & Co. for all fourteen Companies, confirmed that the accounting for all of the Companies had been consolidated into one; that the assets, liabilities, distributions and loans of the individual Companies, including the Debtor, were not analyzed at the company level; and that everything had been treated as one pool belonging to Landau and Schaya personally.

49. The falsified records produced, inter alia, the Award moving Toyvation to Schaya and left plaintiff with debts.

**50.** The foregoing was unsupported by any books or accounting methodology.

51. Plaintiff retained Yosef Zwiebel, CPA, of Goldmuntzer & Co., CPA, to compare the Companies' books as kept from 2017 through 2024 against the version altered during 2025 with the firm's involvement.

52. QuickBooks keeps a history: for every transaction it records the original entry, every later edit or deletion, the account each version was posted to, the date and time, and the login that made it.

53. The history records more than four hundred changes after November 1, 2024.

54. Every change ran the same way — value out of the Companies, including plaintiff, and toward Schaya.

55. As an example, $147,393.80 of Toyvation inventory adjustments was deleted outright in May 2025 rather than corrected with an offsetting entry, making it impossible to reconstruct what Toyvation's inventory actually was.

56. In Zwiebel's professional opinion these records were deliberately altered to produce a result the underlying transactions do not support, departing from the standard of care of a competent accountant.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT ROTH & COMPANY, SHULEM ROSENBAUM a/k/a SHULIM ROSENBAUM and DOVY GARTENHAUS**

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Defendants are accountants who held themselves out as qualified to perform accounting, forensic accounting, financial reconstruction, and dissolution work.

59. They agreed to do the aforesaid accounting on behalf of plaintiff in connection with the arbitration proceeding between Landau and Schaya.

60. The defendants owed the plaintiff an obligation to perform the accounting with the care, skill, and diligence of reasonably prudent certified public accountants doing comparable work, and owed him accurate and complete information, proper analysis of the records, and disclosure of material assumptions and deficiencies.

61. They breached those duties in the respects pleaded above by providing information to defendant Abraham Roth which was incorrect and failed to follow recognized accounting practices.

62. As a result of the foregoing plaintiff was damaged and damages are continuing.

63. The aforesaid departures from accepted accounting practices were substantial factors causing damage to plaintiff.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT ROTH & COMPANY, SHULEM ROSENBAUM a/k/a SHULIM ROSENBAUM and DOVY GARTENHAUS,**

64. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Defendants Roth & Co., Rosenbaum and Gartenhaus stood in a fiduciary relationship to plaintiff.

66. They held themselves out as professionals with specialized knowledge and took payment to do the work set forth heretofore.

67. They breached their fiduciary duty by presenting false information to defendant Abraham Roth and/or presented an "accounting" which was not based upon accepted accounting practices.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANT LEAH LIEBER**

68. Plaintiff repeats and realleges the allegations set forth in paragraphs 28 to 67 of the Complaint.

69. Defendant Leah Lieber, knowing of the false documents being submitted to Abraham Roth, participated in the fraudulent activities be assisting Roth to incorporate the fraudulent documents in the arbitration award.

WHEREFORE, plaintiff demands judgment:

(a) On the First Cause of Action, directing defendant Roth & Company, Rosenbaum and Gartenhaus to provide plaintiff with a full accounting of work allegedly performed by defendants provide documents to it showing the accounting that it had allegedly performed in connection with the arbitration proceeding before defendant Abraham Roth;

(b) On the Second Cause of Action, an award of monetary damages in an amount not yet ascertained as the damages are continuing;

(c) On the Third Cause of Action, an award of monetary damages in an amount not yet ascertained as the damages are continuing;

(d) On the Fourth Cause of Action, an award of monetary damages in an amount not yet ascertained as the damages are continuing;

(e) On the Fifth Cause of Action, an award of monetary damages in an amount not yet ascertained as the damages are continuing;

Dated: September 19, 2026

/s/ Solomon Rosengarten

SOLOMON ROSENGARTEN
Attorney for Plaintiff
2329 Nostrand Avenue
Brooklyn, New York 11210
718-627-4460
vokma@aol.com