UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In Re
TOYVATION, LLC

Case No. 26-43344-ess

Debtor

---------------------------------------------------------x
TOYVATION, LLC

Plaintiff

**COMPLAINT**

-against-

GOLDSTAR ELECTRONICS NY LLC and
ISRAEL SCHAYA,

Defendants
---------------------------------------------------------x

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

2. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

3. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

4. This matter is brought pursuant to 11 U.S.C. §§ 541 and 542 and Bankruptcy Rule 7001, et seq.

## THE PARTIES

5. Plaintiff is a New York Limited Liability Company and the debtor and debtor-in-possession in the above-captioned Chapter 11 case, commenced on July 9, 2026.

6. Defendant Israel Schaya is an individual residing in Brooklyn, New York, and is a member of the defendant Goldstar Electronics NY LLC ("Goldstar").

7. Defendant Goldstar Electronics NY LLC ("Goldstar") is a New York Limited Liability Company owned and controlled by defendant Israel Schaya.

**FIRST CAUSE OF ACTION AGAINST GOLDSTAR ELECTRONICS NY LLC**

8. Plaintiff loaned to defendant Goldstar the sum of $622,650.00.

9. The loan has matured.

10. Defendant Goldstar failed and refused to pay the sum owed, despite plaintiff's demand..

10. Goldstar is indebted to plaintiff in the sum of $622,650.00.

11. The said sum is property of the estate pursuant to 11 U.S.C. § 541(a)(1).

12. Plaintiff is entitled to turnover of the said sum pursuant to 11 U.S.C. § 542(b), together with interest.

**SECOND CAUSE OF ACTION AGAINST ISRAEL SCHAYA**

14. Plaintiff repeats the allegations set forth in paragraphs 1 through 12 of this Complaint.

15. Defendant Schaya is the owner of Goldstar.

16. Upon information and belief, defendant Schaya engineered the loan from plaintiff to Goldstar for his own benefit and converted the sum to himself..

17. Defendant Schaya has failed and refused to cause Goldstar to repay the said sum to plaintiff, although he has the authority to do so.

18. Defendant Schaya, having converted the funds which were loaned to Goldstar by plaintiff is liable to plaintiff for the sum of $622,650.00.

19. Plaintiff is entitled to punitive damages because defendant Schaya's conversion of the funds in question was a crime under the New York Penal Law.

17. Defendant Schaya is liable to plaintiff, jointly and severally with Goldstar, for the sum of $622,650.00.

18. Plaintiff is also entitled to punitive damages from defendant Schaya,

WHEREFORE plaintiff demands

(1) on the First Cause of Action, judgment against defendant Goldstar Electronics NY LLC in the sum of $622,650.00, together with interest at such rate as the Court deems proper, and an order directing turnover of said sum to plaintiff's DIP account;

(2) on the Second Cause of Action, judgment against defendant Israel Schaya, jointly and severally with defendant Goldstar Electronics NY LLC, in the sum of $622,650.00, together with interest at such rate as the Court deems proper;

3. on the Second Cause of action as to Schaya, punitive damages in an amount to be determined by the Court, but no less than one million dollars ($1,000,000.00).

(3) the costs and disbursements of this action, together with such other and further relief as the Court deems just and proper.

Dated: September 22, 2026

/s/ Solomon Rosengarten
SOLOMON ROSENGARTEN
Attorney for Plaintiff
2329 Nostrand Avenue
Brooklyn, New York 11210
718-627-4460
vokma@aol.com

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Toyvation, LLC | **DEFENDANTS**<br>Goldstar Electronics NY LLC<br>Israel Schaya |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Solomon Rosengarten<br>2329 Nostrand Ave, Brooklyn, NY 11210 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Conversion of Funds
Failure to Pay Debt

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☒ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,623,650.00 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Toyvation, LLC | BANKRUPTCY CASE NO. 26-43344-jmm | |
| DISTRICT IN WHICH CASE IS PENDING EDNY | DIVISION OFFICE Brooklyn | NAME OF JUDGE Mazer-Marino |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 9/23/26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Solomon Rosengarten | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.