UNITED STATES BANKRUPTCT COURT
EASTERN DISTRICT OF NEW YORK

In re

. Case No. 26-43344 -ess

TOYVATION LLC,

Debtor

CHAPTER 11

--------------------------------------------------------------------------------------------------------------------

**APPLICATION FOR ORDER SHORTENING TIME ON DEBTOR'S MOTION HOLDING ABRAHAM ROTH IN CONTEMPT AND VOIDING HIS DECISION**

Debtor, by the undersigned, hereby applies, pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1) and EDNY LBR 9077-1(c) for an Order Shortening Time with respect to Debtor's motion which was filed in ECF, seeking to hold Israel Schaya, Mark Kranz and Suslovich & Klein LLP in contempt of court and voiding a filing made in the Supreme Court, Kings County in violation of the automatic stay:

In support of this application the Debtor states:

1. Before the bankruptcy filing, Aron Landau and Israel Schaya, had agreed to submit their controversy for arbitration to Abraham Roth, who was to act as arbitrator to resolve a controversy over ownership of fourteen companies in which they had been involved in joint ventures, as well as a determination as to the parties' financial status with respect to those companies.
2. One of the companies involved in the arbitration was the Debtor herein, Toyvation LLC.

3. As detailed in Declaration of Solomon Rosengarten in support of the motion, the arbitrator had rendered a decision on September 7, 2026.
4. On Debtor filed this Chapter 11 case.
5. On Mark Kranz, of the law firm of Suslovich & Klein, as attorneys for Israel Schaya, although well aware of the pendency of this case, filed an Order to Show Cause in the Supreme Court, Kings County, seeking confirmation of the aforesaid award.
6. As set forth in the moving papers, this was a violation of the automatic stay.
7. The Order to Show Cause is returnable in the Supreme Court on November 24, 2026 ; opposition papers are due on November 10, 2026.
8. In the absence of a decision by this Court on the instant motion, Debtor is faced with uncertainty as to whether it needs to prepare papers in the Supreme Court.
9. Although opposition papers are not due until November 10, 2026, any opposition papers would need to prepare expeditiously because there are complicated legal and factual issues involved.
10. The undersigned believes that the motion to confirm the arbitration award cannot go forward because of the automatic stay.
11. Nevertheless, the Debtor needs to have this Court determine that the Supreme Court filing is void.
12. It is therefore imperative that this Court hear this motion expeditiously so that all parties know the Court's position with respect to the filing of the aforesaid Order to Show Cause despite the stay in this case.

Dated: October 9, 2026

/s/ Solomon Rosengarten
SOLOMON ROSENGARTEN