UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re: Chapter 11

TOYVATION LLC Case No. 26-43344-ess

Debtors.
-----------------------------------------------------------x

**DECLARATION OF MICHAEL S. AMATO PURSUANT TO EDNY LBR 9077-1**

MICHAEL S. AMATO, states the following under penalty of perjury:

1. I am fully familiar with the facts set forth and circumstances described herein based upon my representation of Israel Schaya ("Movant" or "Mr. Schaya"), a review of the file maintained by my office and my participation in the matter.

2. I submit this Declaration pursuant to Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**") in further support of Mr. Schaya's motion for an order substantially in the form annexed to the Motion as Exhibit "A": (i) that the automatic stay pursuant to 11 U.S.C. § 362 is not applicable to the pending Arbitration (defined below); or (ii) modifying the automatic stay pursuant to 11 U.S.C. § 362(d) and permit the pending Arbitration to proceed (ECF Doc No. 25 the "Motion")[1].

3. Debtor's purported counsel, Solomon Rosengarten, Esq.[2] ("Mr. Rosengarten"), has a disqualifying conflict of interest under 11 U.S.C. § 327 and may not represent the Debtor in this bankruptcy proceeding, or the related proceeding *In re 1925 N Brunswick, LLC*, Case No. 26-43382.

---

[1] Capitalized terms not otherweise defined herein shall have the meanings designated in the Motion.
[2] As of the date hereof, Mr. Rosengarten has not filed a motion to be retained in this bankruptcy proceeding or the related matter *In re 1925 N Brunswick, LLC*, Case No. 26-43382.

4. Mr. Rosengarten presently represents Aron Landau ("Landau"), who claims to be "the principal" and the sole member of the Debtor (EDNY LBR 1074-1(c) Declaration, ECF Doc. No. and 22 and *Declaration in Support of Motion for Contempt Order Against Abraham Roth*, ECF Doc. No. 15), in an action pending in the Supreme Court, County of Kings, styled, *Israel Schaya v. Aron Landau, et al*, Ind. No. 531087/2025 (the "Landau State Court Action"). True and correct copies of the Notice of Appearance, Answer and Counterclaims, and Notice of Deposition are attached hereto as Exhibit "1"

5. While simultaneously representing Landau in the Landau State Court Action, and notwithstanding his lack of authority to represent the Debtor and 1925 N Brunswick in the pending bankruptcy proceedings[3], Mr. Rosengarten, commenced an adversary proceeding in the Bankruptcy Court against Mr. Schaya and and his related entity Goldstar Electronics NY LLC styled, *Toyvation v. Goldstar Electronics NY LLC and Israel Schaya*, Adv. Pro. No. 26-01153.

6. Mr. Rosengarten filed a second adversary proceeding in the Bankruptcy Court against the Arbitrator, his accounting firm Roth & Company LLP ("Roth & Co."), Shulem Rosenbaum, Dovy Gartenhaus and Leah Lieber styled *Toyvation, LLC v. Abraham Roth et al*, Adv. Pro. No.: 26-01152.

7. Mr. Rosengarten commenced a third adversary proceeding in the Bankruptcy Court in the related bankruptcy proceeding against Mr. Schaya, the Arbitrator and Roth & Co. styled *In re 1925 N Brunswick, LLC v. Israel Schaya, et al,* Adv. Pro. No.: 26-01135. [4]

---

[3] The Debtors in these related cases filed inaccurate EDNY LBR 1074-1(c) declarations, falsely asserting that Landau is the sole member of the Debtors. (Toyvation, LLC Docket, ECF Doc. No. 22, 1925 N Brunswick, LLC Docket, ECF Doc. No.34). On October 2, 2026 and again on October 8, 2026, I emailed Mr. Rosengarten and advised that Landau had filed contradicting statements in the state court matter *Schaya v. Landau*, Ind. No.: 527483/2025. These emails constitute Mr. Schaya's good faith effort under FRBP 9011 to request that Mr. Rosengarten and Landau withdraw the respective EDNY LBR 1074-1(c) Declarations. As set forth in the Motion, Mr. Schaya is a member of both Debtors, and the cases could not be filed without his authorization.

[4] It is noteworthy that presently there is pending in New York State Court, County of Kings, yet another action styled, *Landau v. Roth & Company LLP et al* (including Mr. Schaya), Ind. No.: 531653/2026. Mr. Rosengarten does

8. Clearly, Mr. Rosengarten is representing Landau's interests in the Landau State Court Action, and these bankruptcy proceedings, to the detriment of both Debtors, their respective creditors and parties in interest.

9. Mr. Rosengarten willfully failed to disclose this conflict of interest to the Court. While simultaneously representing Landau against Mr. Schaya in the Landau State Court Action, Mr. Rosengarten, purporting to act on behalf of the Debtors, negotiated with and entered into agreements with the secured lender of related debtor 1925 N Brunswick, LLC - including the adequate protection arrangement presented at the September 23, 2026 hearing in the related case, *In re 1925 N Brunswick LLC*, without disclosing his conflict. As a result of these actions, the Court entered the Adequate Protection Payment Order ("Adequate Protection Order", *In re 1925 N Brunswick, LLC* Docket, ECF Doc. No. 37), requiring the Debtor to make a one-time payment to the secured lender in the amount of $48,000, and monthly payments thereafter in the amount of $12,000 per month. These agreements, including the Adequate Protection Order, were intended to, and do, prejudice Mr. Schaya, and the relief that Mr. Rosengarten negotiated on behalf of the Debtor with the secured lender was approved by the Court without knowledge of these facts. Mr. Rosengarten's conflicted conduct is ongoing.

10. As set forth in the Motion, Landau is improperly utilizing these bankruptcy proceedings to advance his personal agenda and to prevent the confirmation of the Final Arbitration Award. The bankruptcy cases were filed without authority, and once the state court confirms the Final Arbitration Award, it is likely that these cases will be withdrawn or dismissed.

---

not represent Landau in the second state court action.

Judge Mazer-Marino said as much at the September 23, 2026 hearing in the related case, *In re 1925 N Brunswick LLC*:

> So if it turns out that the arbitration award is confirmed, this case should be dismissed for lack of due authority.

(*In re 1925 N Brunswick, LLC* Transcript of Hearing September 23, 2026, P. 28, LL. 13-15)

11. It is therefore important - and urgent - that the confirmation of the Final Arbitration Award proceed without further delay.

12. Movant faces immediate and irreparable prejudice warranting expedited relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2026

*/s/ Michael S. Amato*
MICHAEL S. AMATO

# **EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------------X

ISRAEL SCHAYA,

Index No. 531087/2025

Plaintiff,

**NOTICE OF APPEARANCE**

-against-

ARON LANDAU, et al.

Defendants

---------------------------------------------------------------------

PLEASE TAKE NOTICE that the undersigned hereby appears as co-counsel on behalf of defendant ARON LANDAU in the above-entitled matter.

Dated: Brooklyn, New York
September 9, 2026

*Solomon Rosengarten*

______________________________

Solomon Rosengarten
Attorney for Defendant
ARON LANDAU
2329 Nostrand Avenue
Brooklyn, New York 11210
(718) 627-4460

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------------X
ISRAEL SCHAYA, Index No. 531087/2025

Plaintiff

**NOTICE TO TAKE DEPOSITION**

-against-

ARON LANDAU, NECHUMA LANDAU, 1905 FLUSHING REALTY LLC and MAYER D. LEIFER

Defendants.

GOLDSTAR ELECTRONICS NY LLC.

Defendant on the Counterclaim

---------------------------------------------------------------------------X

PLEASE TAKE NOTICE that a deposition, upon oral examination, of plaintiff, as a party, will be taken before a notary public, who is not an attorney or employee of an attorney or prospective party herein and is not a person who would be disqualified to act as a juror be=-00ause of interest or because of consanguinity or affinity to any party herein, at the office of the undersigned, 2329 Nostrand Avenue, Brooklyn, New York 11210 on the 21st day of December 2026, at 9:30 a.m. of that day with respect to evidence material in this action.

Dated: Brooklyn, New York
September 30, 2026

*Solomon Rosengarten*

SOLOMON ROSENGARTEN
Attorney for Defendants
ARON LANDAU an NECHUMA LANDAU
2329 Nostrand Avenue
Brooklyn, New York 11210
718-627-4460

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------------X
ISRAEL SCHAYA,

Index No. 531087/2025

Plaintiff

**ANSWER AND COUNTERCLAIMS**

-against-

ARON LANDAU, NECHUMA LANDAU, 1905 FLUSHING REALTY LLC and MAYER D. LEIFER

Defendants.

GOLDSTAR ELECTRONICS NY LLC.

Defendant on the Counterclaim

------------------------------------------------------------------------------X

Defendants ARON LANDAU and NECHUMA LANDAU, answering the Complaint, state:

1. Admit the allegations set forth in paragraphs 1, 2, 3, 4, 5, 11, 17, 18, 21, 30, 31, 32 and 33 of the Complaint

2. Deny the allegations set forth in paragraphs 9, 10, 13, 15, 16, 19, 20, 23, 24, 25, 26, 27 28, 37, 38, 39, 40, 41, 42, 43, 44, 45, 49, 50 and 51 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs 6, 7, 34, 35 and 36 of the Complaint.

4. As to paragraph 8 of the Complaint defendants admit that Aron Landau and Israel Schaya entered into several joint business ventures but deny that Schaya invested significant sums of money.

5. As to paragraph 12 of the Complaint defendants admit that the arbitrator issued an arbitration award, but state that the award was vacated by the Supreme Court.

6. As to paragraph 14 of the Complaint defendants deny knowledge or information as to what plaintiff anticipated, but states that the award was vacated by the Supreme Court.
7. As to paragraph 22 of the Complaint defendants deny knowledge or information as to the value of the condominium.
8. As to paragraph 47 of the Complaint defendants deny that plaintiff is entitled to the relief sought.

**COUNTERCLAIMS**

**FIRST CAUSE OF ACTION AGAINST ISRAEL SCHAYA**

1. Defendant/Counterclaimant Aron Landau is a resident of the County of Kings, City and State of New York.
2. Plaintiff/Defendant on the Counterclaim is a resident of the County of Kings, City and State of New York.
3. During the years 2023 and 2024, Schaya employed Landau for the purpose of analyzing possible investments which Schaya was interested in.
4. Schaya agreed to pay Landau an hourly wage of $250.00 per hour for the work Landau performed.
5. Landau performed the required work and spent 350 hours performing said work.
6. Thus, Landau was entitled to payment of $87,500.00
7. Schaya paid Landau $6,000.00, leaving a balance due to him of $81,500.00.
8. Schaya has refused to pay Landau the balance owed to him despite demand that he do so.
9. Pursuant to Section 198(1-a) of the Labor Law, Landau is entitled to the unpaid wages of $81,500.00, plus 100% of the unpaid wages, plus 100% in liquidated damages, totaling $244,500.00.

10. Pursuant to the same statute Landau is also entitled to payment of attorney's fees.

**SECOND CAUSE OF ACTION AGAINST ISRAEL SCHAYA**

11. In December of 2020, Landau owned protective masks and sanitizer.

12. At Schaya's request, Landau sold protective masks and sanitizer to Schaya.

13. The value and agreed upon price of the products sold to Schaya was $400,000.00.

14. Schaya agreed to pay the full amount no later than December 31, 2023.

15. Despite demand from Landau that he pay the sum due, Schaya has refused to do so.

**THIRD CAUSE OF ACTION AGAINST ISRAEL SCHAYA**

16. In December of 2021, Landau loaned Schaya the sum of $200,000.00.

17. In February of 2022, Landau loaned Schaya an additional $15,000.00

18. Schaya agreed to pay the loan no later than December 31, 2024.

19. Despite demand from Landau that he pay the sum due, Schaya has refused to do so.

**FOURTH CAUSE OF ACTION AGAINST GOLDSTAR ELECTRONICS NY LLC and ISRAEL SCHAYA**

20. Upon information and belief Goldstar Electronics NY LLC is a domestic limited liability company.

21. In 2023 and 2024 Landau was employed by Goldstar Electronics NY LLC.

22. Landau's duty was to negotiate prices with Goldstar Electronics NY LLC's vendors.

23. Goldstar Electronics NY LLC agreed to pay Landau a salary of $100,000.00 for the work he performed.

24. Landau performed the work which was required pursuant to the employment agreement.

25. Despite demand by Landau that Goldstar Electronics NY LLC. pay his salary, it has refused to do so.

Case 1-26-43344-ess Doc 26 Filed 10/20/26 Entered 10/20/26 11:03:57

26. Israel Schaya induced Goldstar Electronics NY LLC not to pay Landau the salary he earned.
27. Pursuant to Section 198(1-a) of the Labor Law, Landau is entitled to the unpaid wages of $100,000.00, plus 100% of the unpaid wages, plus 100% in liquidated damages, totaling $300,000.00.
28. Pursuant to the same statute Landau is also entitled to payment of attorney's fees.

WHEREFORE, defendant/Counterclaimant Aron Landau demands judgment:

(a) dismissing the action, with costs and disbursements;

(b) On the First Cause of Action of the Counterclaim, Judgment in the sum of $244,500.00, plus costs, disbursements and attorney's fees;

(c) On the Second Cause of Action of the Counterclaim, Judgment in the sum of $400,000.00, plus costs and disbursements;

(d) On the Third Cause of Action of the Counterclaim, Judgment in the sum of $215,000.00, plus costs and disbursements;

(e) On the Fourth Cause of Action of the Counterclaim, Judgment in the sum of $300,000.00, plus costs, disbursements and attorney fees.

/s/ Solomon Rosengarten

SOLOMON ROSENGARTEN
Attorneys for Defendants
ARON LANDAU and NECHUMA LANDAU
2329 Nostrand Avenue
Brooklyn, New York 11210
718-627-4460